UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re

RON ABRAHAM                                      Case No.24-23034-SHL
                                                                      Chapter 7

                        Debtor.
-----------------------------------------------------------X

## BRIEF IN SUPPORT OF MOTION FOR SANCTIONS

ROBERT S. LEWIS, ESQ. an attorney for the Debtor, submits this brief in further support of the motion for sanctions as follows:

Under section 362(a) of the Bankruptcy Code, the filing of a petition creates a broad automatic stay protecting the property of the debtor. This provision "has been described as 'one of the **fundamental Debtor protections** provided by the bankruptcy laws. "Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection, 474 U.S. 494, 505, 88 L. Ed. 2d 859, 106 S. Ct. 755 (1986) (quoting S.Rep. No. 989, 95th Cong., 2d Sess. 54 (1978); H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1977)). The automatic stay extends to virtually all-formal and informal actions against property of the bankruptcy estate. It is intended to "stop all collection efforts, all harassment, and all foreclosure actions." S.Rep. No. 989, 95th Cong., 2d Sess. 54, reprinted in 1978 U.S.Code Cong. & Admin.News 5787, 5840. The automatic stay "is effective upon the date of the filing of the petition . . . and formal service of process will not be required." 2 Collier on Bankruptcy para. 362.05 (15th ed. 1988) Actions taken in violation of the automatic stay are void, even if the creditor had no notice of the stay. See Borman v. Raymark Indus., Inc. 946 F.2d 1051, 1055 (3d Cir. 1991) ("The automatic stay was intended to apply to actions that do not necessarily involve property of the estate.").

In re Advent Corp. 27 Bankr. 612 (Bankr. 1st Cir. 1982) para. 362.05 ("In general, actions taken in violation of the stay will be void even where there was no actual notice of the existence of the stay.").

The stay was enacted by Congress and applied consistently in this jurisdiction to protect the debtor by "allowing it breathing space and also protects creditors as a class from the possibility that one creditor will obtain payment on its claims to the detriment of all others". Treasurer of Snohomish Co. Wash. v. Seattle First Nat'l Bank (In re Glasply Marine Indus.), 971 F.2d 391, 394-95 (9th Cir. 1992); In re Stringer, 847 F.2d at 551. In this circuit, actions taken in violation of the automatic stay are void rather than voidable.

The purpose of the automatic stay is to give the Debtor time to attempt repayment or reorganization. Thus, the injunction on creditor collection efforts imposed by the stay is so crucial to the bankruptcy process that "acts in violation of the automatic stay... are void ab initio." See e.g., In re Schwartz, 954 F.2d 569, 574 (9th Cir. 1992); Maritime Electric Co. v. United Jersey Bank. 959 F.2d 1194 (3d Cir. 1991); In re Calder, 907 F.2d 953, 956 (10th Cir. 1990); In re Smith, 876 F.2d 527, 525-526 (6th Cir. 1989); In re 48th Street Steakhouse, 835 F.2d 427, 431 (2d Cir. 1987), cert. denied, 485 U.S. 1055, 108 S. Ct. 1596, 99 L. Ed. 2d 910 (1988); In re Young, 14 Bankr. 809, 811 (Bankr.N.D.Ill. 1981).

A principal purpose of this provision is to preserve property for use in the reorganization of the Debtor and to prevent the dismemberment of the estate. Continental Air Lines. Inc. v. Hillbloom Cln re Continental Air Lines, Inc.), 61 Bankr. 758, 779 (SD Tx. 1986) (quoting legislative history); The Official Committee of Unsecured Creditors v. PSS Steamship Co. (In re Prudential Lines, 114 Bankr. 27, 29 (SONY), aff'd 119 Bankr. 430 (SONY 1990).

Where through an action an individual or entity would exercise control over property of the estate, that party must obtain advance relief from the automatic stay from the bankruptcy court. Carroll v. Tri-growth Centre City Ltd. (In re Carroll), 905 F.2d 1266, 1270-71 (9th Cir. 1990).

The consequences of violating the automatic stay provisions of § 362(a) are set forth in 11 U.S.C. § 362(h), which provides that:

*"An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."*

Willliam Laun had actual knowledge of the filing, from multiple notices and discussion with his attorney Peri Berger. Sanctions for this egregious violation "shall" be imposed upon Willliam Laun pursuant to 362(a). He willfully violated the stay and must incur actual attorney fees in the amount of $1,216.00

Dated: January 29, 2025
Nyack, New York

/s/ Robert S. Lewis, Esq.
ROBERT S. LEWIS, ESQ.
Law Offices of Robert S. Lewis, P.C.
*Attorney for Debtors*
53 Burd St.
Nyack, New York 10960
(845) 358-7100